**UNITED STATES of America, Plaintiff,**

v.

**Bobby Eugene ALLISON, Defendant.**

**No. LR–CR–78–112.**

United States District Court,
E. D. Arkansas, W. D.

April 6, 1982.

Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

William R. Wilson, Jr., Little Rock, Ark., for defendant.

## ORDER

EISELE, Chief Judge.

Now pending before this Court is a motion by the defendant alleging that certain hearing examiners for the United States Parole Commission have arbitrarily discriminated against him and have acted in defiance of their own guidelines and the orders of this Court, and seeking that those persons be held in contempt of Court.[1] The government has responded alleging that the actions of the Parole Commission have been in compliance with the orders of the Court and applicable guidelines. For the reasons discussed below, the Court has concluded that the actions of the Parole Commission have been within the limits of its administrative discretion and have complied with the expectations of the Court, and that the motion must therefore be dismissed without the necessity of a hearing.

The defendant, Mr. Allison, was originally sentenced to a period of incarceration of 40 months upon conviction for certain offenses, his participation in which the Court considered to be serious. Judgment and Conviction filed December 9, 1980; transcript of hearing held October 7, 1981, at p. 2. Thereafter, upon motion of the defendant, the sentence of incarceration was reduced to 36 months by an order filed October 9, 1981. As stated on the record of the hearing on the motion to reduce sentence, the Court reduced the sentence, not because it was felt that the original sentence was wrong, but rather because of communications by the U. S. Attorney to the Bureau of Prisons which the Court felt to be improper, and the subsequent reliance upon the information so communicated, and other

---

1. Throughout the pleadings and exhibits thereto, the persons allegedly perpetrating the unlawful activity are referred to as "the Parole Commission" and "members" of that Commission, "the Parole Board" and its "members" and the "hearing examiners" or "officers."

Due to the Court's resolution of the motion, it is unnecessary to state specifically the persons in question and their position with the Parole Commission. The activity in question will be referred to herein as that of the Parole Commission.

incorrect information, by the U. S. Parole Commission.

The discussion on the record by the Court of the reasons for reducing the sentence of Mr. Allison to 36 months are determinative of the issue now before the Court. The report provided to the Court *before* the sentencing by the Probation Office had included an estimate, as those reports customarily do, that the severity of the offense would be rated "very high," and that if committed it would be likely that Mr. Allison would serve "between 24 and 36 months according to the Parole Commission guidelines." In reliance upon this estimate, with the expectation that Mr. Allison would actually serve between 24 and 36 months if sentenced to any period of incarceration, the Court concluded that an appropriate sentence for Mr. Allison would be 40 months, plus a fine and a period of probation, and entered an order accordingly. The evidence at the hearing on the motion for reduction of sentence indicated that the U. S. Attorney had communicated certain information about Mr. Allison to the Bureau of Prisons after this sentence was imposed, and that the information was either incorrect when communicated or had been misunderstood by the persons receiving it, resulting in a situation where classification and parole decisions were being made upon erroneous information. It was further the opinion of the Court that the *ex parte* nature of the communications contributed significantly to problems created thereby because neither the Court nor the defendant knew exactly what had been communicated, or had an opportunity to respond or call attention to the error. Although not actually established, indications were that as a result of the erroneous information being relied upon, Mr. Allison might be required to serve the full 40 months to which he had been sentenced, rather than 24 to 36 months as had been anticipated by the Court. In order to remove this disparity, and insure that Mr. Allison would not be actually incarcerated any longer than had been anticipated by the Court, the sentence was reduced to 36 months, the outer limit of the estimation in the presentence report. This action by the Court was intended to insure that the defendant was not treated in a way that was not contemplated by the Court, and yet leave undisturbed the discretion of the Parole Commission to act within its guidelines in releasing Mr. Allison on parole prior to the expiration of the full 36 months if deemed appropriate.

As a result of the evidence and the arguments presented at the hearing on the motion for reduction of sentence, certain requirements were also imposed in order to eradicate errors in the record being considered by those with custody of Mr. Allison, and to dissipate any continuing effects of the improper communications. Specifically, the Bureau of Prisons and the Board of Pardons and Paroles were ordered:

> to disregard the "official version" section of the defendant Allison's Presentence Report and also any reference therein to said defendant's alleged participation or solicitation of capital felony murder, and his participation in any alleged brutal beating, and any embezzlement by him of an amount in excess of $5000.00, in determining said defendant's classification or placement within the federal prison system, his eligibility for parole, or his eligibility for furloughs or any other inmate privilege.

Order Modifying Sentence, filed October 9, 1981, at p. 1. The Court further stated on the record at the hearing on the motion for reduction of sentence that the Bureau of Prisons and the Parole Commission could consider the subornation of perjury, the perjury charge and the embezzlement charges, and concluded that with those modifications they were free to act within the range allowed by their own guidelines and rules. Transcript of hearing of October 7, 1982, at p. 5.

The defendant now alleges that the Parole Commission is discriminating against him arbitrarily because it "flagrantly refuses to obey its own guidelines; but more precisely, they are [sic] consciously and intentionally defying the Order of this Court." Motion filed March 17, 1982, at p. 2. Although the defendant never precisely

states what the Parole Commission has allegedly done that is in violation of the order of this Court, it appears from the motion that the factual basis for this allegation would be that the Parole Commission has determined that the offense of Mr. Allison should be evaluated in the very high severity range, resulting in a rated period of incarceration of from 24 to 36 months under the guidelines, and that the Parole Commission hearing officers stated they had made "independent" calculations, and as a result had concluded that Mr. Allison had embezzled approximately $10,000.00. The defendant further alleges that the administrative appeals process is a "sham," and therefore seeks relief directly from this Court through the motion for criminal contempt pursuant to 18 U.S.C. § 401.

The response of the United States alleges that the actions of the Parole Commission in determining Mr. Allison's parole status were in compliance with the order of this Court and with the guidelines of the Parole Commission. In support of the response, the United States has attached an affidavit of Ms. Regina Privitt, a Case Analyst for the South Central Regional Office of the United States Parole Commission, concerning her examination of the file maintained by the Parole Commission on Mr. Allison. Ms. Privitt has attached as exhibits to her affidavit various documents which she certifies as exact copies of documents contained in the official file. Included in these documents are summaries of the two hearings concerning Mr. Allison's parole status held by the Parole Commission, and memoranda discussing the correct evaluation of the case and the interpretation of the orders of this Court.

█ It must first be noted that this Court does not have the power in the context of this case to review the administrative decisions of the United States Parole Commission. Mr. Allison alleges in the motion that he is being "arbitrarily discriminated against in that he is being required to serve a sentence that is in excess of the sentence that would be served by persons convicted of similar offenses." Motion filed March 17, 1982, at p. 1. In addition to an order requiring that the Parole Commission comply with the orders of this Court, the defendant also seeks an order "directing the Parole Commission to comply with its guidelines." *Id.* at p. 2. Such an interpretation of the Parole Commission guidelines, and a review of their application in this case, would be inappropriate. Such review must be accomplished administratively or, if the defendant feels that his constitutional rights have been violated through disparate treatment, by filing a complaint in a District Court with proper jurisdiction and venue. This Court would not have power to provide the relief sought as a matter within this criminal case. Therefore, the only appropriate issue for determination by this Court is whether any prior orders of this Court have been violated.

█ The Court has concluded that no prior orders of the Court have been violated by action of the United States Parole Commission, and that a finding of criminal contempt would not be justified.

Following the order of the Court modifying the sentence of Mr. Allison and limiting the matters that could be considered by the Bureau of Prisons and the Parole Commission in determining Mr. Allison's classification or placement and his eligibility for parole furloughs and other privileges, a hearing was held to reconsider the prior action of the Parole Commission in light of the Court's order. A summary of that proceeding, and the results thereof, was attached to the affidavit of Ms. Privitt as Exhibit F. It is specifically noted at pages 2 and 3 of that summary that the Court had ordered that it should not be considered that Mr. Allison had solicited felony murder or had participated in any beating, and therefore those matters were not considered.[2] It was further noted that al-

---

2. Indeed, it was noted that the Commission had never considered as a fact that Mr. Allison had solicited felony murder in arriving at its initial offense severity rating. An examination of the records concerning the first hearing of the Commission regarding Mr. Allison, held on

though an independent calculation based upon the sentencing transcript would result in a total amount embezzled by Mr. Allison of almost $6,000.00, the Court had limited the amount to be considered to $5,000.00, and the preciseness of the figure made little difference since both fell within the range of from $2,000.00 to $20,000.00, and therefore would have the same impact upon the offense severity rating. However, without considering these factors, in accordance with the order of the Court, the decision of the Commission remained that the correct offense severity rating was "Very High," and therefore the guidelines indicated that the range for the sentence to be served would be from 24 to 36 months.

The Court cannot conclude that this finding by the Commission was in any way contrary to the order of this Court. Based on matters which could legitimately be considered, it was determined that the offense severity would be rated as "very high." Although it is apparent that the defendant disagrees with this determination, it cannot be said that the orders of the Court precluded such a determination, or that the hearing examiners acted in such flagrant disregard for the authority of this Court that criminal contempt would be justified.

 The documents attached to the affidavit of Ms. Privitt reflect that there was some disagreement among representatives of the Parole Commission concerning the appropriate severity rating for the record offenses of Mr. Allison. This disagreement appears to be based upon uncertainty over the propriety of considering that Mr. Allison was involved in a solicitation of threats against persons involved with the union. As noted by the Commission, this Court has stated twice on the record, in the original sentencing hearing and in an in-chambers conference following the hearing on the

motion for reduction of sentence, that the evidence at the trial would support a finding that Mr. Allison had solicited threats against Mr. Bramer in an attempt to influence his conduct. The Court cannot conclude that it was a violation of any order of this Court for the Parole Commission to consider in its determination any matter which was actually proven at the trial, if it deems such to be material to that determination. This Court certainly did not order that the Parole Commission was not to consider the evidence as produced at trial. As discussed above, it is not the function of this Court, pursuant to the motion at bar, to determine if the consideration of such evidence without an actual charge in the indictment of such behavior would be an abuse of the discretion of the Commission. Assuming that such would be admissible and relevant for the proceedings before the Parole Commission, it was not in violation of the order of the Court.

It would not be relevant for the resolution of the motion before the Court to discuss the disagreement among the members of the hearing panel further. The opinion of the Court concerning the proper severity rating is meaningless in this context and, indeed, the Court is not sufficiently familiar with the applicable guidelines and prior determinations by the Commission to make such a determination in such a close case. The important matter is that, despite some dissension, a decision adopted as the conclusion of the Parole Commission has been made, and in reaching that decision, the Commission did not act in disregard of the orders of this Court.

Although there does appear to be some conflict over the monetary amount considered by the hearing panel in reaching the offense severity rating, it appears that under any of the figures proposed the result

---

September 15, 1981, would support such a conclusion. It is stated at page 4 of that report, Exhibit B to Ms. Privitt's affidavit, that:

[T]he offense severity would be more appropriately rated at Very High in consideration of the findings and statements of the sentencing judge which indicates [sic] that Mr. Allison, in the judge's opinion, was not guilty of

solicitation of murder charges.... It is also noted that concerning the alleged victim of the solicitation, Mr. Bramer, there was no actual carrying out of the contract and Mr. Bramer was not killed or physically injured, according to information available to the panel.

274

would have been the same. Even the documents attached to the motion of the defendant indicate that under the guidelines the monetary value of any amount embezzled carries the same weight if it falls within a range from $2,000.00 to $20,000.00. Therefore, if the Commission considered the amount to have been $10,000.00, as alleged by Mr. Allison, or as $5,000.00, as indicated by the records of the Parole Commission and as limited by the Court, either figure is within that range, and so the outcome would have been no different. Under these circumstances, it is not necessary to conduct a hearing in an attempt to determine precisely the amount considered by the Commission in reaching its decision.

 Finally, it must be stated that even if the Parole Commission were found to have been mistaken in its interpretation of the Order of the Court, a willful and flagrant disrespect or disregard for the authority of the Court, such as would be required for a finding of criminal contempt, could not be found. Such a holding would certainly require more than disagreement by the Court with the conclusion of the Parole Commission. The records of the Parole Commission indicate that it rated the severity of the offense of Mr. Allison as "very high" in an attempt to abide by its guidelines and the order of this Court. As discussed previously, this rating, and its effect on the sentence to be served by Mr. Allison, is not beyond the expectations of the Court at the time of sentencing. The decision of the Parole Commission is not actually that Mr. Allison is to receive harsher treatment than would be considered normal but, rather, that a decision for treatment different than would be expected under the applicable guidelines is not warranted. Furthermore, it is indicated in the Hearing Summary of the January 15, 1982, hearing, and the Memorandum of Mr. V. M. F. Reyes, dated January 25, 1982, Exhibit F to Ms. Privitt's affidavit, that the expected release date for Mr. Allison is actually on the shorter side of the 24 to 36 month range.

A finding of criminal contempt cannot be justified. The motion will be denied.

It is therefore Ordered that the motion for contempt filed by the defendant, Bobby Eugene Allison, be, and it is hereby, denied.